forced. RIS did not file its notice of appeal until August 28, 2013, however, well outside of its deadline.[17] Accordingly, RIS's notice of appeal was untimely, and pursuant to Rule 81.04, we are without jurisdiction and must dismiss the appeal. The contempt order thus is not appealable.[18]

## Conclusion

Because we do not have jurisdiction over the issues presented, the appeal is dismissed.

All concur

17. RIS's after-trial motions did nothing to change that deadline. At oral argument, the parties agreed that there are underlying issues yet to be resolved in the trial court that stem from Relaxation's amended petition. Even though the trial court's ruling included a denomination of "Judgment," it did not resolve all matters in this case. Thus, there could be no authorized after-trial motions under Rule 81.05(a)(2).

18. We decline to decide, however, whether an appeal after final judgment of the contempt order is totally foreclosed by RIS's failure to timely file its interlocutory notice of appeal. Section 512.020(5) states that an appeal may be taken from any "Final judgment in the case or from any special order after final judgment in the cause; *but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."* (Emphasis added.) *See Annotation, Reviewability, on appeal from final judgment, of interlocutory order, as affected by fact that order was separately appealable,* 79 A.L.R.2d 1352 (1961 and Supp.2010) (discussing whether the reviewability on appeal from the final judgment of an interlocutory order in a civil case is affected

**STATE of Missouri, Respondent,**

v.

**Joseph S. ROGERS, Appellant.**

**WD 75612**

Missouri Court of Appeals,
Western District.

ORDER FILED: January 20, 2015

Adam Stephen Rowley, Jefferson City, MO, Counsel for Respondent.

Rosalynn Koch, Columbia, MO, Counsel for Appellant.

by the fact that the interlocutory order was separately appealable, it being assumed that no appeal from the interlocutory order was taken, or, if taken, that it was dismissed without determination of its merits); *Padgett v. Smith,* 206 Mo. 303, 103 S.W. 943, 945 (1907) (holding that appellant was "not compelled to appeal from the interlocutory judgment" and could have brought the "whole case" at once) (citing *Aull v. Day,* 133 Mo. 337, 34 S.W. 578 (1896) and *Ess v. Griffith,* 128 Mo. 50, 30 S.W. 343 (1895)). *See also In re Estate of Givens,* 234 S.W.3d 519, 521 (Mo.App.E.D. 2007) (holding that an appeal from an interlocutory order is not mandatory under probate appeals statute); *In re Estate of Standley,* 204 S.W.3d 745, 748 (Mo.App.S.D.2006) (en banc) (holding that probate appeals statute created "expedited right to appeal" certain interlocutory orders but that ten-day deadline in Rule 81.04(a) applied to those interlocutory orders); *In re Estate of Couch,* 920 S.W.2d 165, 168 (Mo.App.W.D.1996) (holding that probate appeals statute that allowed appealable interlocutory orders did not foreclose appeal of those matters after final judgment because legislative language allowed for a "second opportunity" to appeal).

Before Division I: Thomas H. Newton, P.J., Lisa White Hardwick, Anthony Rex Gabbert, JJ.

**ORDER**

Per Curiam:

Joseph S. Rogers appeals the circuit court's judgment convicting him of sodomy pursuant to Section 566.060, RSMo 1990. We affirm. Rule 30.25(b).

Damien De Loyola, Kansas City, MO, for appellant.

Richard A. Starnes, Jefferson City, MO, for respondent.

Before Division Three: Karen King Mitchell, Presiding Judge, Cynthia L. Martin, Judge and Gary D. Witt, Judge

**ORDER**

Per curiam:

James Schnelle ("Schnelle") appeals the judgment of the Circuit Court of Clay County denying, after an evidentiary hear-ing, his motion for post-conviction relief. We affirm. A memorandum fully explaining our decision has been provided to the parties. Rule 84.16(b).

**Fallon R. NESTLE, Respondent,**

v.

**Brandon E. JOHNS, Appellant.**

No. ED 100902

Missouri Court of Appeals,
Eastern District,
*DIVISION FOUR.*

Filed: January 20, 2015

**James R. SCHNELLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

WD 76318

Missouri Court of Appeals,
Western District.

ORDER FILED: January 20, 2015